UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>STEVEN L. COMBS,<br><br>  Defendant. | Case No. 11-cv-04154-SLM  (EDL)<br><br>**ORDER REGARDING APPLICATION FOR WRIT OF CONTINUING GARNISHMENT**<br><br>Re: Dkt. No. 16 |

In 2011, Plaintiff the United States of America brought an action to collect a student loan debt from Defendant Steven Combs. Default judgment was entered against Mr. Chapman on October 19, 2011 in the amount of $26,621.34. On May 20, 2016, the United States filed the now pending Application for Writ of Continuing Garnishment seeking an order authorizing garnishment of Mr. Chapman's earnings from the Manpowergroup. Dkt. No. 16. Because the Court has concerns regarding certain aspects of the application, the United States is ordered to file a supplemental memorandum and declaration in support of its application as set forth below.

**DISCUSSION**

To obtain a writ of garnishment, the United States must (1) file an application for a writ of garnishment in accordance with 28 U.S.C. § 3205(b), and (2) prepare and file with the Clerk of the Court a notice in the form proscribed in 28 U.S.C. § 3202(b). The notice must include an explanation of the judgment debtor's rights, exemptions that may apply, and the procedures applicable if the judgment debtor disputes the issuance of the writ. 28 U.S.C. § 3202(b). These procedures include the right to request a hearing before the Court within 20 days of receipt of the notice. Id. The Clerk shall issue the notice upon filing and the United States shall serve the notice

and copy of the application for a writ of garnishment on the judgment debtor and the garnishee. 28 U.S.C. § 3202(c).

Upon receipt of an application for a writ of garnishment, the Court shall issue the writ of garnishment if it is satisfied that the United States has complied with the requirements of Section 3205(b). In particular, the application must indicate: (1) the judgment debtor's name, social security number, and last known address, (2) the nature and amount of the debt owed, and (3) that the garnishee is believed to have possession of property in which the debtor has a substantial nonexempt interest. 28 U.S.C. § 3305(b)(1). If the court grants the writ of garnishment, the United States must serve the writ on the garnishee and the judgment debtor along with (1) instructions "explaining the requirement that the garnishee submit a written answer to the writ," and (2) "instructions to the judgment debtor for objecting to the answer of the garnishee and for obtaining a hearing on the objections." 28 U.S.C. § 3205(c)(3). The garnishee is then required to answer in writing. 28 U.S.C. § 3205(c)(3). Section 3205(c)(5) allows a defendant (judgment debtor) to file a request for a hearing within twenty days after receipt of the answer by the garnishee. 28 U.S.C. § 3205(c)(5).

The Court needs more information to determine whether to issue the notice and writ in this case. This is the United States' second request for a writ of garnishment in this action. This Court previously granted a writ on February 9, 2016 (Dkt. No. 12), but the docket reflects that the writ was returned unexecuted on May 20, 2016 (Dkt. No. 15). On the same day, the United States filed the now pending application for the writ, which does not address the prior application and grant of writ. Dkt. No. 16. The only apparent difference between the two applications is the name and address of the garnishee, in that the first writ sought garnishment from Addeco Employment Services in New York, while the pending application seeks garnishment from Manpowergroup in Wisconsin. 28 U.S.C. § 3205(c)(6) provides that upon receipt of a writ of garnishment, the garnishee may either "answer the writ of garnishment or [ ] withhold property in accordance with the writ." Thus, the Court cannot simply infer from the fact that the prior writ was returned unexecuted that the garnishee is not in fact withholding payment in accordance with the writ. The

1  United States shall supplement its request with an explanation of what happened with the prior
2  writ and why a second writ is sought.

4  **IT IS SO ORDERED.**

5  Dated:  May 23, 2016


ELIZABETH D. LAPORTE
United States Magistrate Judge